# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30316

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

MALACHI S. HULL,

Plaintiff - Appellant

v.

CITY OF NEW ORLEANS,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-793

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Malachi Hull brought a complaint against the City of New Orleans ("the City"), asserting claims of disparate treatment, retaliation, and hostile work environment. On January 4, 2016, the district court granted the City's motion to dismiss the complaint without prejudice for failure to state a claim, allowing Hull to file an amended complaint within twenty days. The twenty-day deadline passed without Hull filing an amended complaint. On January 26,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30316

2016, the district court entered judgment dismissing the complaint with prejudice.

Two days later, Hull filed a motion for leave to file an amended complaint. His only contention as to good cause for the belated submission was that his attorney "failed to notice" the district court's January 4, 2016 dismissal of his original complaint and deadline to file an amended complaint. On March 8, 2016, the district court denied Hull's motion for leave, holding that Hull failed to establish good cause and that the proposed amendment would be futile.

Hull appeals the district court's March 8, 2016 denial of his motion for leave to file an amended complaint.[1] "[A] party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012). We review the district court's denial of leave to amend for abuse of discretion. *Id.* at 333.

Hull's arguments on appeal focus not on the purported good cause for his motion for leave but the sufficiency of his proposed amended complaint. His brief is devoid of any argument that would show good cause existed for the untimely proposed amendment. Hull has not demonstrated that the district court abused its discretion in denying leave to amend.

The district court's judgment is AFFIRMED.

---

[1] Hull did not appeal the district court's January 26, 2016 judgment dismissing his original complaint with prejudice within thirty days—only the subsequent denial of his motion for leave to file an amended complaint. If Hull's motion for leave were construed as a Rule 59(e) motion to alter or amend the judgment, then his appeal of that judgment would be timely. *See* Fed. R. App. P. 4(a)(4)(A)(iv). But "Rule 59(e) requires that a motion call into question the correctness of the judgment . . . ." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 918 (5th Cir. 1996). Hull's motion for leave did not call into question the correctness of the judgment; it only asked for more time to file an amended complaint.